**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

IN RE:

FRED AND JOANNE BROWN                                                    CASE NO. 12-61023

DEBTORS

MAXIE HIGGASON, TRUSTEE                                                        PLAINTIFF

V.                                                                                                    ADV. NO. 13-6019

FRED BROWN, ET AL.                                                                     DEFENDANTS

**MEMORANDUM OPINION**

The Trustee brought this adversary proceeding seeking to sell certain real property (the "Property") owned jointly as tenants in common by the Debtor, Fred Brown, and Fred Brown's niece, Kim Simons. The issue is whether the Trustee may sell the Property as a whole, instead of offering only the Debtor's tenant in common interest, as allowed by 11 U.S.C. § 363(h). The Court conducted a trial on December 18, 2013. Upon consideration of the parties' stipulation of facts, testimony and exhibits admitted into evidence, and the record, as well as the arguments of counsel, the Court finds that the Trustee has failed to meet his burden of proof and is not entitled to sell the Property pursuant to § 363(h).

**I.      FACTS AND PROCEDURAL HISTORY.**

The Debtors filed for chapter 7 relief on August 27, 2012, being case no. 12-61023 (the "Main Case"). On Schedule A, they listed a one half interest in the Property, described as "125.8 acres rough land" located in Monticello, Wayne County, Kentucky. [Main Case, Doc. 1] The Schedules value the Property at $37,741.50 and show no encumbrances. *Id.* The Debtors also

1

claimed exemptions on the Property totaling $27,611.00 pursuant to §§ 522(d)(1) and 522(d)(5). *Id.*

On August 28, 2012, Maxie E. Higgason was appointed chapter 7 Trustee.

On October 16, 2012, and December 4, 2012, the Trustee objected to the Debtors' claimed exemptions in the Property. [Main Case, Docs. 16 & 25]  On February 28, 2013, the Debtors and Trustee entered into an Agreed Order [Main Case, Doc. 32] that authorized the Debtor Fred Brown to exempt his one-half interest in the Property in the amount of $22,775.00 pursuant to § 522(d)(1) and (5).   The parties further agreed to liquidate the non-exempt portion of the Property for the benefit of the estate.

Shortly thereafter, on June 17, 2013, the Trustee filed this adversary proceeding seeking to sell the Property pursuant to § 363(h).  The Trustee named the Debtors, Billie Ann Ballou (the Debtor Fred Brown's sister), Simons, and Gregory Simons as defendants.

Default judgment was entered against Billie Ann Ballou and Gregory Simons on September 30, 2013.  [Doc. 17]  The Debtors answered the Complaint [Doc. 8]; but later withdrew their answer [Doc. 26] and entered into a joint stipulation with the Trustee [Doc. 29] (the "Brown Stipulation").  In the Brown Stipulation, the Debtors consented to sale of the Property and conceded the Trustee met the elements required to sell the jointly owned Property pursuant to § 363(h).  The Trustee and the Debtors also agreed that the Debtors are excused from further litigation.  [Doc. 36]

Simons, the only remaining defendant, answered the Complaint on July 17, 2013.  [Doc. 9]  Simons asserted that the Defendant Billie Ann Ballou conveyed her interest in the Property to Simons by quitclaim deed on April 19, 2013.  Simons further contested the Trustee's claim that division of the Property is "impracticable."

2

The Trustee and Simons entered into joint stipulations on December 4, 2013 [Doc. 30 & 34] (the "Simons Stipulation") whereby the parties agreed "the only issue remaining under § 363(h) is whether the Real Property is capable of partition or must be sold as a whole." The parties further stipulated:

(1) the Debtors[1] and Simons own approximately 125 acres of real property in rural Wayne County, Kentucky as tenants in common;

(2) the Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power;

(3) no one resides on the unoccupied Property; and

(4) no use is being made of the Property for cultivation of crops.

The Trustee and the Debtors stipulated that there are no improvements on the Property. *See* Brown Stipulation, ¶ 4.

At trial, the Trustee introduced the testimony of his sole witness, Samuel Ray Godby, a local auctioneer and broker. Godby testified that the Debtor Fred Brown showed him the Property but he did not walk on it. Godby described the Property as rough, rocky, and hilly land with no improvements. He further testified that the Property cannot be divided into two equal parts without affecting his estimated value of $500.00 per acre.

Simons testified as the only witness in defense. Simons testified that she is familiar with the Property as it has been in her family for several generations. Simons further claimed the Property's only value is timber and it is evenly divided by an old logging road. Godby testified

---

[1] Despite the language of the Simons Stipulation that both Debtors Fred and Joanne Brown own the Property at issue, it is the Court's understanding from the Trustee and Debtors' prior Agreed Order [Main Case, Doc. 32] that only the Debtor Fred Brown owns half an interest in the Property as a tenant in common with Simons.

3

on cross-examination that he did not examine the logging road, although he did see it when Mr. Brown pointed to it on the hill.

The parties stipulated to the following exhibits: (1) the 2004 examination of Fred and Joanne Brown; (2) a quitclaim deed from Billie Ann Ballou to Kimberly Simons; (3) a February 21, 2013, statement by Godby in response to a letter from the Trustee; (4) an Affidavit of Descent; (5) the PVA card; (6) an aerial map of the Property; (7) the deposition of Samuel Godby; (8) the Brown Stipulation; and (9) the deposition of Simons. The aerial map of the Property was the only exhibit referenced at trial.

The matter is submitted and now ripe for determination.

## II.  ANALYSIS.

### A.  Section 363(h) Does Not Provide for Partition of the Property.

Section 363(h) allows sale of property owned jointly by a debtor and third party only if:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light or power.

11 U.S.C. § 363(h). The Trustee has the burden of proof. *See Rhiel v. Cent. Mortg. Co. (In re Kebe)*, 469 B.R. 778, 796 (Bankr. S.D. Ohio 2012).

The Trustee and Simons stipulated that "the only issue remaining under § 363(h) is whether the Real Property is capable of partition or must be sold as a whole." *See* Simons

Stipulation [Doc. 30], ¶ 5.  Also, the Trial Brief of Defendant, Kim Simons, provides that the issue in question "is whether the property can be partitioned or must be sold as a whole." [Doc. 24, p. 2]  The parties have not, however, correctly framed the issue.

The Complaint asks for authority to sell the Property as a whole, free of Simons' tenant in common interest.  The Trustee may do so if subsections (1) – (4) of § 363(h) are met.  If these criteria are not met, the only result is denial of the Trustee's request to sell the entirety of the Property.  Section 363(h) does not then go on to allow partition and sale of the Debtor Fred Brown's interest.  Without other action, the Trustee is left with the right to sell the Debtor's tenant in common interest if he fails to satisfy the § 363(h) requirements.

The parties' stipulation does assist the review.  The Trustee and Simons stipulated that part (4) does not apply.  *See* Simons Stipulation [Doc. 30], ¶ 6.  Further, the stipulation appears to resolve part (3), whether the sale of the whole is more detrimental to Simons.  There was no testimony to suggest Simons has an interest that could outweigh the estate's interest to sell the Property as a whole.  Neither party resides on the Property or makes any other use thereof, as the testimony was that the timber was recently harvested.

This leaves parts (1) and (2) of § 363(h) for consideration.  The parties' claim that the only issue is whether the Property is capable of partition suggests they only focused on part (1) of § 363(h).  The Trustee even argued in his closing comments at trial that he relies on the valuation testimony to prove partition is impracticable.  Regardless, to avoid doubt, this opinion will consider whether the Trustee satisfied parts (1) and (2) of § 363(h) to address possible overlap in the analysis

5

**B. The Trustee Did Not Prove Partition Is Impracticable.**

The Trustee provided scant evidence that partition is "impracticable" such that the Trustee may sell the Property pursuant to § 363(h). "[P]racticable is not a synonym for possible; nor is it a synonym for practical. Its meaning falls between the two concepts of possibility and practicality, and incorporates both ideas – something that is not only possible, but also feasible and sensible." *56 Associates v. DiOrio*, 381 B.R. 431, 436 (D. R.I. 2008).[2]

The only evidence introduced by the Trustee regarding the possibility, feasibility and sensibility of partition is the testimony of Samuel Ray Godby. It is difficult to give this testimony much weight when he spent little time or effort at the Property and there is no explanation as to how Godby reached his conclusions.

Godby testified that he did not walk the land and did not have knowledge of the topography, other than a brief view from the Debtor Fred Brown's home adjacent to the Property and apparently a review of the aerial map.[3] Despite his apparent lack of familiarity with the Property as a whole, Godby opined that the Property cannot be divided into two equal parts and that doing so would bring less value per acre than a sale of the Property as a whole. But that is all Godby or the Trustee offered on the subject of partition – a conclusory statement that the Property cannot be divided and to do so would affect its value. Godby did not even give an indication of the reduction in value, so there is no way to tell if any decrease is significant.

---

[2] In *56 Associates*, the court determined it was impracticable to partition commercial property that housed a bar, a restaurant and several apartments.

[3] Godby testified in his deposition that he did a "drive-by" of the Property. The parties stipulated to Godby's deposition as an exhibit, but the exhibit, like several others, was not used at trial and the Trustee did not elicit similar testimony at trial. The failure to direct the Court to the relevance of these exhibits makes it difficult for the Court to give them any weight. Regardless, a "drive-by" does not provide Godby with any more knowledge of the Property than a brief view from the Debtors' home.

Simons countered this testimony with her personal knowledge of an old logging road that she claimed would split the Property to allow a fair partition. The Trustee argued in his closing that Simons is not qualified to testify that division of the Property is impracticable. But Simons can testify as a fact witness based on her personal knowledge. FED. R. EVID. 602. Further, Godby admitted that the logging road existed, but he offered no explanation why partition via the logging road was not possible, feasible, or sensible.

The Trustee has not satisfied his burden to prove partition is impracticable.

### C. The Valuation Testimony Does Not Satisfy Parts (1) or (2) of § 363(h).

Part (2) of § 363(h) seeks proof that sale of the Debtor Fred Brown's tenant in common interest would bring significantly less than a sale of the whole. This issue is easier to understand for the more common use § 363(h), a sale of residential real estate. It is easy to conclude that the continued occupation of a house by a co-owner would chill bidding. This conclusion is not as easy here, where the Property is unused and much of it is on a rocky hillside that may or may not have alternative uses.

Neither party addressed alternative uses of the Property nor whether sale of only the Debtor's tenant in common interest would chill bidding. Godby's testimony of value compared sale of the whole to sale of the partitioned Property; he did not address the value of the Debtor's tenant in common interest. Further, looking at the information available from the record, the value of sale ranges from $62,500.00 – $75,000.00, or $31,250.00 - $37,750.00 for a half interest.[4] The difference in value is only approximately $6,500.00. This decrease, if taken as the

---

[4] The low range of $62,500.00 is based on Godby's opinion that the Property is worth $500.00 per acre. Although he testified partition would result in a lower price, the failure to further expand on this testimony prevents consideration of a lower number. Further, Godby's deposition (which is subject to the limitations described supra in footnote 3) indicates he also suggested the Property has a value of $70-75,000. 00. [Doc. 33, p. 10] Any confusion over valuation testimony must weigh against the Trustee.

7

value of the Debtor's tenants in common interest, is not sufficient to satisfy part (2) of § 363(h) on these facts.

The Trustee relied on the valuation information more to support his § 363(h)(1) argument that it is "impracticable" to partition the Property because to do so would negatively impact the Property's value. Valuation testimony may bear some weight in this analysis, but diminution in value of the Property if divided does not equate to "impracticable." It is still "possible" and "feasible" to partition the Property if value is the only issue, although such action might not make sense. The small change in value, however, does not make division nonsensical.

### D. **A Kentucky Law Partition Analysis Is Not Required Under § 363(h).**

The Trustee attempts to rely on a presumption of indivisibility pursuant to K.R.S. § 389A.030(3) and Simons argues partition is possible under Kentucky law.[5] But the question before the Court is one of federal, and not state, law. The Trustee cites no law that would support his reliance on a state law presumption to satisfy the requirement of § 363(h)(1). This state law presumption does not apply.

These arguments reflect the parties' desire to get to the ultimate question – how to liquidate the Property. The parties have apparently agreed that they should either sell the Property as a whole or partition it. As indicated, an order of partition is not part of a § 363(h) judgment. *See supra* at Section II.A. It is therefore worth noting that the evidence presented, particularly as to divisibility and value, makes it hard to accept that partition is not a reasonable

---

[5] Simons referred to K.R.S. § 348.120 in her trial brief, although she likely meant to cite K.R.S. § 381.120.

course of action.[6] This comment is not part of the judgment and does not address any burden of proof under Kentucky law that might favor one party over the other.

### III. CONCLUSION

For the foregoing reasons, the Trustee has failed to meet his burden to show that he is entitled to sell the Property free of Simons' interest pursuant to § 363(h). The Court shall enter a separate judgment consistent therewith.

---

[6] If the Property is truly uniform, as the testimony suggests, a survey could easily split the Property, regardless of the location of the logging road.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Thursday, January 02, 2014
(grs)**